# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 12-282V
Filed: November 1, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| DAWN MCGRAW, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Decision on Reconsideration of Attorneys' |
| SECRETARY OF HEALTH | * | Fees and Costs; Granting in Part |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Franklin J. Caldwell, Esq.*, Maglio Christopher and Toale, PA. Sarasota, FL., for petitioner.
*Lisa A. Watts, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON RECONSIDERATION OF ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 3, 2012, Dawn McGraw ("Ms. McGraw" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  Petitioner alleges that she developed Guillain Barré Syndrome ("GBS") as a result of receiving a Hepatitis A and/or Hepatitis B vaccination on October 12, 2010.  Petition, ECF No. 1.  Respondent denied causation; nevertheless, the parties stipulated to a damages award, and the undersigned issued a decision awarding damages on March 22, 2017.  *See* ECF No. 83.  On September 15, 2017, petitioner filed a Motion for Attorneys' Fees and Costs, requesting attorneys' fees in the amount of $48,329.20, and $16,450.78 in costs.  Motion for Fees, ECF No. 88.  Respondent did not

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

oppose the request in substance, but instead asked that the undersigned exercise her discretion in determining the proper amount to be awarded.  ECF No. 89.

The Decision on Attorneys' Fees and Costs ("Fees Decision"), ECF No. 91, was filed on September 29, 2017, awarding $39,843.07 in attorneys' fees and $16,450.78 in costs, for a total award of $56,293.85.  *Id.* at 5-6.  On October 20, 2017, petitioner filed a Motion for Reconsideration of the Decision on Attorneys' Fees and Costs ("Mot."), ECF No. 92, requesting reconsideration of three of the reductions contained in the Fees Decision.

## I. Applicable Legal Standard

Under Vaccine Rule 10(e), "[e]ither party may file a motion for reconsideration of the special master's decision," and "[t]he special master has the discretion to grant or deny the motion, in the interest of justice."  Vaccine Rule 10(e)(1), (3).  This is a demanding standard; reconsideration is not available simply to "give an unhappy litigant an additional chance to sway the court."  *Hall v. Sec'y of Health & Human Servs.*, 93 Fed. Cl. 239, 251 (2010), *aff'd*, 640 F.3d 1351 (Fed. Cir. 2011) (citation omitted).  Nor does it provide an "opportunity to make new arguments not previously addressed—or, in the context of a fees request, to dicker over a special master's calculations."  *Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496, at *6 n.8 (Fed. Cl. Spec. Mstr. Oct. 14, 2016).  Rather, the movant must show (a) an intervening change in the controlling law; (b) the availability of evidence that was not previously available; or (c) a manifest injustice that would be prevented by reconsideration.  *Hall*, 93 Fed. Cl. at 251; *see Gerard v. Sec'y of Health & Human Servs.*, No. 08-786V, 2014 WL 4293342, at *2 (Fed. Cl. Spec. Mstr. Aug. 8, 2014).  And when "there is no change in the law and no newly discovered evidence," as in this case, "the bar for reconsideration is extraordinarily high"—the "manifest injustice must be so apparent as to be 'almost indisputable."  *Krakow v. Sec'y of Health & Human Servs.*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Nov. 12, 2010) (quoting *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006)); *see, e.g.*, *Cedillo v. Sec'y of Health & Human Servs.*, 617 F.3d 1328, 1348 (Fed. Cir. 2010) (affirming special master's decision "declining to grant reconsideration in view of evidence that was previously available and which did not in fact support petitioners' position on the central issues").

## II. Analysis

As a preliminary matter, contrary to petitioner's assertion that the undersigned "is at a real disadvantage both on the facts and the 'sense' of the case" (Mot. at 2), the fees awarded in the Fees Decision reflect an extensive review of the billing records, a comprehensive review of the facts, and a thorough review of the docket and status conference orders entered throughout the pendency of this case.  Therefore, petitioner's submission that my review of the fees and costs in this case "is fraught with the possibility of errors" (Mot. at 1), prompting petitioner's request for reconsideration of reductions contained in the Fees Decision is erroneous.

**A.      Travel Time**

Petitioner requests reconsideration of the amount awarded for travel time.  Mot. at 5-6.
The Fees Decision calculated 9.7 hours of travel time and reimbursed petitioner for that time at
$150 per hour, one-half of the attorney's normal hourly rate.  Fees Decision at 4.

Petitioner argues that the compensation rate for travel time should not be reduced by one-
half.  Mot. at 6.  However, in general, this contention conflicts with the "common practice in
Program proceedings to compensate hours spent traveling at one-half of the normal hourly
attorney rate."  *Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3
(Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases).  Specifically, this rate reduction is
appropriate "unless counsel asserts that he worked on the case during the travel time."  *Id.*; *see
Gruber ex rel. Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010) (noting
that even a "50% award may be too high" in some cases "given the possibility that an attorney
may use the travel time to work on another matter or not to work at all while traveling").  Thus,
when "the travel was performed by automobile," as in this case, compensation at one-half of the
normal hourly rate is generally warranted, as no work can be done while driving.  *Rodriguez v.
Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr.
July 27, 2009).  Here, petitioner's counsel admits that no work was performed during the travel
time billed.  Mot. at 6.  Consistent with the numerous decisions awarding compensation at one-
half of the normal hourly rate in similar circumstances,[3] the compensation rate for travel time
was appropriately reduced by one-half in this case.

Petitioner, however, asserts that the Fees Decision committed a mathematical error in
computing total travel time of 9.7 hours, which was the product of "a combined travel and non-
travel entry totaling 8.5 hours."  Mot. at 5.  That entry, dated July 3, 2013, billed 8.5 hours for
the following:

> Review file and medical records in preparation for client visit; ground travel
> Winston-Salem (hotel) to Thomasville for client visit; attend client visit; ground
> travel to Thomasville to Hendersonville (point of demarcation for North Carolina
> vaccine client visits (Dezern, Cathy Jackson, McGraw) (travel to/from North
> Carolina not billed) (travel time (by automobile) 3.3)).

Pet. Ex. 52 at 9.  Petitioner argues that, according to the "entry itself," only 3.3 hours were spent
traveling; the remaining 5.2 hours were spent reviewing the file and medical records and meeting
with the client.  Mot. at 5.

---

[3] Although petitioner points out that other special masters have awarded more than 50% for travel
time in some circumstances, *see* Mot. at 8, those decisions are not binding on other special masters.  *See
Hanlon v. v. Sec'y of Health & Human Servs.*, 40 Fed. Cl. 625, 630 (1998).  And as a nearly all of those
decisions make clear, "an award of full attorney's fees for travel is appropriate if sufficient documentation
exists specifying the work performed while traveling."  *Greer v. Sec'y of Health & Human Servs.*, No. 15-
568V, 2017 WL 2927421, at *2 (Fed. Cl. Spec. Mstr. May 16, 2017).  Here, by contrast, counsel admitted
that no work was performed during the travel time.

As an initial matter, it is worth noting that this entry "group[s] several activities into one entry" and thus constitutes "block billing," a disfavored practice that can itself warrant a fee reduction. *Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2008 WL 5456319, at \*4 (Fed. Cl. Spec. Mstr. Dec. 17, 2008); *see Valdes v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 415, 424 (2009) (citing the "established case law regarding the inappropriateness of billing in large blocks"); *Jeffries v. Sec'y of Health & Human Servs.*, No. 99-670V, 2006 WL 3903710, at \*8 (Fed. Cl. Spec. Mstr. Dec. 15, 2006) ("[A]ttorneys should not bill large blocks of time since they do not allow for proper review of the specific tasks completed."). Indeed, the Vaccine Program's *Guidelines for Practice* explicitly states that "[e]ach task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request."[4] This requirement is especially applicable here given that fees for travel time are regularly awarded at a reduced rate. That time should have been separated out from the time spent reviewing the records and meeting with the client. The obtuse reference to "(travel time (by automobile) 3.3)" in the entry's narrative section is hardly sufficient.

That being said, counsel should be paid for 3.3 hours of travel at $150 per hour and 5.2 hours for meetings and preparation time at $300 per hour, which increases the amount of attorneys' fees by $780. These fees will be awarded.[5]

## B.    Percentage Reduction

The remaining requests for reconsideration all relate to billing deficiencies that were combined in the Fees Decision to reduce the overall fees by 15%. Fees Decision at 5; *see Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 702 (2016) ("In evaluating a fee request, a special master is permitted to reduce attorneys' hours found to be excessive by a percentage; a 'line-by-line' determination is not required."). However, because petitioner requests reconsideration of each item separately, they will be addressed separately.

First, petitioner requests reconsideration of the reduction in fees related to counsel's review of Dr. Steinman's expert report. Mot. at 9. Petitioner's counsel billed 16.2 hours for reviewing Dr. Steinman's report, medical literature, and medical records, and the hours were reduced as excessive. *See* Fees Decision at 5 & n.10. In making this reduction, I cited a decision by Special Master Corcoran—*Dezern*, 2016 WL 6678496—in which there was a similar reduction for review and revision of Dr. Steinman's report by the same counsel. Much of the literature in support of Dr. Steinman's report in this case was duplicative of that referenced in the

---

[4] Office of Special Masters, *Guidelines for Practice Under the National Vaccine Injury Compensation Program* § X(3)(B)(1)(b), at 68 (2016), http://www.uscfc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf

[5] Counsel is on notice that future requests for reconsideration of fee awards will *not* be granted if the purported error is a result of deficient billing records or insufficient explanation of the billing records.

expert report filed in *Dezern*. In fact, some of the costs submitted in this case were shared between this case and *Dezern*. *See* Pet. Ex. 53 at 50-58.[6]

A reduction in fees is appropriate when attorneys include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)); *see Raymo*, 129 Fed. Cl. at 703. Given counsel's familiarity with Dr. Steinman and his opinions in similar cases, the 16.2 hours billed for reviewing the expert report and cited literature were excessive. In any event, counsel was paid $300 for 13.5 hours.

Petitioner also requests reconsideration of the reduction for vague billing, secretarial and clerical work, and duplicative billing. Mot. at 11. As stated in the Fees Decision, "the 'application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine . . . whether the amount requested is reasonable,' and an award of attorneys' fees may be reduced for 'vagueness' in billing." Fees Decision at 3 (quoting *J.W. ex rel. Wilson v. Sec'y of Health & Human Servs.*, No. 15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017)). Here, a number of the billing entries were vague.[7] *See* Fees Decision at 5 & n.9. Although counsel notes that, "[g]oing forward, those entries will have some additional detail to clearly identify what each entry captures" (Mot. at 12), the requirement of detailed billing is not new, nor are the consequences for failing to follow it—when billing records lack "sufficient detail," the "award may be reduced accordingly." *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989) (citation omitted).

Likewise, "[i]t is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program." *J.W.*, 2017 WL 877278, at *3. Non-compensable clerical and secretarial tasks include making travel arrangements, reviewing and paying invoices, setting up meetings, organizing files, scheduling conference calls, and reviewing files for consistency. *Id.*; *Barry v. Sec'y of Health & Human Servs.*, No. 12-039V, 2016 WL 6835542, at *4 (Fed. Cl. Spec. Mstr. Oct. 25, 2016). "These types of entries do not constitute billable time." *J.W.*, 2017 WL 877278, at *3. In this case, many of the billed tasks fell within the category of clerical or secretarial—e.g., "Receive and review billing invoices," "Make travel arrangements," "Process payment to expert"—and thus warranted a reduction. *See* Fees Decision at 5 & n.7.

Finally, "[u]nreasonably duplicative or excessive billing" that would warrant a reduction in fees includes "multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, [and] attorneys billing excessive hours." Fees Decision at 3

---

[6] To be clear, 15% of 16.2 is 2.43 – meaning counsel was paid at his requested $300 hourly rate for roughly 13.5 hours spent reviewing a report and literature by Dr. Steinman that was very similar to that filed in *Dezern* by this counsel.

[7] Petitioner's counsel states that the fees application contains "deliberately somewhat vague billing entries" due to "attorney/client and work product issues." Mot. at 12. As the Federal Circuit has explained, reducing fees for entries that are "too vague and lacking in detail" does "not in most cases invade the attorney-client privilege." *Avgoustis v. Shinseki*, 639 F.3d 1340, 1344 (Fed. Cir. 2011) (internal alterations and quotation marks omitted); *see Abbott v. Sec'y of Health & Human Servs.*, No. 10-485V, 2017 WL 2226614, at *7 (Fed. Cl. Spec. Mstr. Apr. 26, 2017).

(quoting *Raymo*, 129 Fed. Cl. at 703).  Here, there are instances of duplicative billing; for example, "Receipt and review of order reassigning case" was billed three times.  *See* Fees Decision at 5 & n.8.  Such duplication should not be included in fee requests, especially if that duplication is the result of "logistics or para-professional" tasks (Mot. at 13), which are clerical and therefore not compensable.

In sum, the 15% overall reduction in fees was warranted for the reasons set forth above.  As such, the overall reduction in the original Fees Decision will remain as issued.

### III. Conclusion

As set forth above, the awarded fees will be amended to reflect the 5.2 hours of work performed at counsel's full rate of $300 per hour rather than the reduced rate of $150 per hour previously granted.  Therefore, the undersigned **GRANTS IN PART** petitioner's motion for reconsideration of attorneys' fees and costs.  The Fees Decision, ECF No. 91, is amended as follows:  **The undersigned awards $57,073.85,**[8] representing $40,623.07 in attorneys' fees and $16,450.78 in costs, **in the form of a check payable jointly to petitioner and petitioner's counsel, Franklin J. Caldwell, Esq.**  The clerk shall enter judgment accordingly.[9]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special master

---

[8] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.